UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

REYNA MARTINEZ DIAZ,

Petitioner,

v.

WARDEN OF ADELANTO ICE PROCESSING CENTER et al.,

Respondents.

Case No. 5:26-cv-02528-MCS-MAR

**ORDER RE: REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE (ECF NO. 18)**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, (Pet., ECF No. 1), the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge, ("R. & R.," ECF No. 18). No objections to the Report and Recommendation have been filed. The Court accepts the report, findings, and recommendations of the Magistrate Judge, except with respect to the recommended relief, on which the Court respectfully disagrees in part with the Magistrate Judge.

The Magistrate Judge recommends that the Court issue an order directing Respondents to release Petitioner from custody unless they provide her "an individualized bond hearing before a neutral decisionmaker within seven days at which the Government bears the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no

1

condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community." (R. & R. 8.) While the Court agrees that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a), the record does not establish that Respondents should bear the burden at that hearing to justify Petitioner's continued detention by clear and convincing evidence. As an initial matter, in her petition, Petitioner does not ask for a bond hearing at which Respondents bear the burden to justify her continued detention by clear and convincing evidence. (*See* Pet., Req. for Relief.) The Court declines to award relief that Petitioner did not seek in her operative pleading. Furthermore, the Magistrate Judge correctly found that Petitioner is a member of the bond-eligible class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025). Petitioner is thus entitled to the same relief received by the bond eligible class, namely "consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025); *accord Rizo v. Lyons*, No. 5:26-cv-00194-SSS-BFM, 2026 U.S. Dist. LEXIS 15090, at *7 (C.D. Cal. Jan. 27, 2026) ("Because Petitioner's Habeas Petition alleges facts that place him squarely within the definition of the Bond Eligible Class, the Court is compelled to find that he is entitled to . . . what is guaranteed by *Bautista*'s final judgment."). The Court declines to depart from the terms of the *Maldonado Bautista* judgment, which does not allocate or specify the applicable burden of proof.

Indeed, § 1226(a) is silent as to which party bears the burden of proof, and by what standard, at a bond hearing, and the circuit courts that have addressed the question have reached diverging results. *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) (placing the burden of proof on the government), *and Velasco Lopez v. Decker*, 978 F.3d 842, 856–57 (2d Cir. 2020) (same), *with Barbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) (placing

2

the burden of proof on the detainee), and *Dubon Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) (same). The Ninth Circuit itself has provided conflicting guidance on the question. *Compare Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011) (holding that "the clear and convincing evidence standard of proof applies in" certain § 1226(a) bond hearings), *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197, 1203 (9th Cir. 2022) (noting a detainee who, at a § 1226(a) bond hearing, "demonstrates by the preponderance of the evidence" that he is not a flight risk or danger to the community should be released, and holding that due process does not entitle a noncitizen to a second bond hearing at which the government bears the burden of proof by clear and convincing evidence). The Court declines to weigh in on this question without the benefit of thorough briefing from the parties. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." (internal quotation marks omitted)).

In addition to an individualized bond hearing within seven days, the Magistrate Judge recommends that the Court enter an order "directing Respondents to file a notice of compliance within ten days of entry of Judgment." (R. & R. 8.) The Court does not perceive this requirement as necessary given that Petitioner does not seek this relief in her petition. (*See* Pet., Req. for Relief.) Moreover, if Petitioner is denied bond, she will be able to appeal that denial to the Board of Immigration Appeals ("BIA"). Any challenge to the sufficiency of Petitioner's bond hearing should be presented to the BIA in the first instance, unless Petitioner presents grounds for excusing exhaustion. *Leonardo v. Crawford*, 646 F.3d 1157, 1160–61 (9th Cir. 2011); *see also Lawendi v. Bowen*, No. 5:26-cv-00845-FWS-ACCV, 2026 U.S. Dist. LEXIS 59835, at *3 (C.D. Cal. Mar. 13, 2026) ("To the extent Petitioner disputes the sufficiency of the bond hearing he received, those arguments are more appropriately addressed to the Board of Immigration Appeals . . . , not [the district] court."); *Da Costa-Joao v. McGregor*, No. CV-26-00715-PHX-DWL (MTM), 2026 U.S. Dist.

3

LEXIS 86879, at *5–6 (D. Ariz. Apr. 16, 2026) (denying relief where Petitioner sought "to raise challenges to the outcome of the bond hearing and how that hearing was conducted" because they were "challenges Petitioner could have raised via a request for review by the BIA"). Further, any potential disagreement with the merits of the immigration judge's decision concerning bond would fall outside of the Court's authority. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *see also Salgado Valenzuela v. Semaia*, No. 5:25-cv-02853-SSS-RAO, 2025 U.S. Dist. LEXIS 256917, at *4 (C.D. Cal. Dec. 10, 2025) ("Although Petitioner may disagree with the outcome of the [immigration judge's] determination at the bond hearing, this Court does not have jurisdiction to sit as an appellate body over this issue.").

IT IS THEREFORE ORDERED that Judgment be entered granted the Petition. Respondents shall provide Petitioner an individualized bond hearing before an immigration judge within seven days of entry of this Order, in accordance with 8 U.S.C. § 1226(a). If Respondents do not provide Petitioner an individualized bond hearing with seven days, they must immediately release her.

DATED:  June 24, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE